**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**NAVEEN GUPTA, individually and on behalf of all others similarly situated,**

**Plaintiffs,** **21-CV-337V(Sr)**

**v.**

**ATHENEX, INC.,**
**RUDOLF KWAN,**
**JOHNSON Y.N. LAU, and**
**TIMOTHY COOK,**

**Defendants.**

---

**PETER KOZA, individually and on behalf of all others similarly situated,**

**Plaintiffs,** **21-CV-413V(Sr)**

**v.**

**ATHENEX, INC.,**
**RUDOLF KWAN,**
**JOHNSON Y.N. LAU, and**
**TIMOTHY COOK,**

**Defendants.**

---

**DECISION AND ORDER**

These cases were referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to report on dispositive motions. 21-CV-337 at Dkt. #14; 21-CV-413 at 23.

Plaintiffs commenced these federal securities class action lawsuits on behalf of all investors who purchased or otherwise acquired shares of Athenex, Inc.

common stock between August 7, 2019 and February 26, 2021, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, with respect to public statements regarding the new drug application of a drug candidate for the treatment of metastatic breast cancer, Oral Paclitaxel and Encequidar. Dkt. #1.

**Consolidation**

Rule 42(a)(2) of the Federal Rules of Civil Procedures permits the Court to consolidate actions if they involve a common question of law or fact. The district court has broad discretion to determine whether consolidation is appropriate. *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Considerations of judicial economy favor consolidation so long as consolidation does not impede upon a fair and impartial trial. *Id.; See Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal quotation omitted).

The moving plaintiffs and defendants all agree that consolidation is warranted in this case. 21-CV-337 at Dkt. ##16, 19, 20, 22, 25, 26, 30, 31 & 38 and 21-CV-413 at Dkt. ##8, 11, 12, 15, 16 & 27. In as much as each of these actions involve the same facts, legal issues, putative class members and defendants, consolidation will not only promote efficiency, but will also prevent inconsistency. Accordingly, the motions for consolidation are granted.

The Clerk of the Court shall consolidate 21-CV-413 into 21-CV-337 and administratively close 21-CV-413. The consolidated action shall henceforth be denominated *"In re ATHENEX, Inc. Securities Litigation*."

Any subsequent action transferred into this Court or filed on behalf of purchasers of Athenex securities shall also be consolidated into 21-CV-337, without prejudice to the rights of any such party to move for severance. In such case, the Clerk of the Court shall file a copy of this Order in that action prior to consolidation.

**Appointment of Lead Plaintiff**

Multiple plaintiffs moved for appointment of lead counsel in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"),15 U.S.C. § 78u-4 (a)(3)(A)(i)(II). 21-CV-337 at Dkt. ##16, 19, 20, 22, 25, 26, 30 & 31 and 21-CV-413 at Dkt. ##8, 11, 12, 15, & 16. Pursuant to that statute, the person with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff, *i.e*., the plaintiff most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I). Rule 23(a) provides that a member of a class may sue as a representative party on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. At this early stage of the proceedings,

typicality and adequacy are the most important considerations. *In re Eastman Kodak Co. Secs. Litig*., 6:21-CV-6418, 2020 WL 3361162, at *3 (W.D.N.Y. Aug. 2, 2021).

Moving plaintiffs withdraw their motions for appointment as lead plaintiff in response to plaintiff John McKenzie's assertion of the greatest financial loss. 21-CV-337 at Dkt. ##35, 36, 37, 39, 40, 41, 42 & 43 and 21-CV-413 at Dkt. ##24, 25 & 26. Defendants take no position on appointment of lead plaintiff. 21-CV-337 at Dkt. #38 and 21-CV-413 at Dkt. #27. Plaintiff John McKenzie filed his motion for appointment as lead plaintiff within 60 days of publication of the Notice of Action and submits a loss analysis for the class period asserting a loss of $314,400.00. Dkt. #33-3. Plaintiff John McKenzie declares that he is an experienced investor and is willing to serve as a representative party on behalf of purchasers of Athenex stock during the class period. Dkt. #33-2, ¶ 2 & Dkt. #33-4. In light of his declaration and the fact that his claims are typical of and fairly represent the claims of the potential class, the Court appoints plaintiff John McKenzie as lead plaintiff.

**Appointment of Lead Counsel**

Subject to the approval of the Court, the Lead Plaintiff shall select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). Plaintiff John McKenzie declares that he has selected Scott+Scott Attorneys at Law LLP ("Scott+Scott"), to represent the class based upon its experience prosecuting securities cases and its history of collaboration. Dkt. #33-4, ¶ 9. Scott+Scott asserts that it is experienced in the prosecution of securities fraud class action cases and that it has

sufficient resources to conduct this litigation. Dkt. #31-1, pp.14-15 & Dkt. #33-5. Defendants take no position on appointment of lead counsel. 21-CV-337 at Dkt. #38 and 21-CV-413 at Dkt. #27. In light of lead plaintiff's representations and a review of Scott+Scott's credentials, the Court approves Scott+Scott as lead counsel.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**August 5, 2021**

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**