**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ATHENEX, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | No. 21-cv-00337-LJV-HKS<br><br>CONSOLIDATED CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT FOR PARTIAL LIFTING OF STAY**
**IMPOSED BY COURT'S ORDER DATED MAY 30, 2023**

Lead Plaintiff John McKenzie ("Lead Plaintiff") respectfully submits this memorandum of law in support of his motion to lift the stay imposed by this Court's Order dated May 30, 2023 to permit this case to proceed against Defendants Rudolf Kwan, Johnson Y.N. Lau, Jeffrey Yordon, and Timothy Cook (the "Non-Debtor Defendants" and collectively, with Athenex, Inc. ("Athenex"), the "Defendants").  *See* ECF No. 56.

## PRELIMINARY STATEMENT

On May 14, 2023, Athenex and its debtor-affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").  *See In re Athenex, Inc.*, No. 23-90295 (Bankr. S.D. Tex. May 14, 2023), ECF No. 1.  Athenex's bankruptcy filing invoked the automatic stay pursuant to Section 362 of the Bankruptcy Code solely as to the Debtors.

On May 26, 2023, Athenex filed a Notice of Pendency of Case Under Chapter 11 of the Bankruptcy Code, informing this Court of Athenex's bankruptcy filing and the imposition of the automatic stay of continued judicial proceedings against Athenex under 11 U.S.C. §362(a).  *See* ECF No. 69.

On May 30, 2023, the Court entered a text order staying this action in its entirety.  *See* ECF No. 70.  For the reasons set forth below, Lead Plaintiff respectfully requests that the stay currently imposed by the Court's May 30 text order be lifted to permit this case to proceed against the Non-Debtor Defendants who, as a matter of law, are not protected by the automatic stay as a result of the mere commencement of Athenex's bankruptcy proceedings.

**ARGUMENT**

Pursuant to the plain language of Section 362 of the Bankruptcy Code and settled, black-letter law, the automatic stay does not automatically stay any proceedings against parties who are not debtors in bankruptcy. "It is well-established that [automatic] stays pursuant to §362(a) are limited to the debtors and do not encompass non-bankrupt co-defendants." *New Jersey Carpenters Health Fund v. Royal Bank of Scotl. Grp., PLC*, 564 B.R. 192, 194 (S.D.N.Y. 2016) (quoting *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (same, and collecting similar cases from numerous circuits)).[1]  A "stay clearly cannot be extended to the non-debtor . . . where the debtor and non-debtor co-defendant 'are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty.'" *Desouza v. Plusfunds Group, Inc.*, No. 05-cv-5990, 2006 WL 2168478, at *3 (S.D.N.Y. Aug. 1, 2006) (quoting *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights*, 945 F. Supp. 603, 608-09 (S.D.N.Y. 1996)); *see also Mardice v. Ebony Media Operations, LLC*, No. 19-CV-8910 (VSB), 2021 WL 146358, at *3 (S.D.N.Y. Jan. 15, 2021) (holding that the automatic stay was not applicable to non-debtor defendants who could be held independently liable).

In this Circuit, the decision to extend the automatic stay to protect non-debtors is left to the "unfettered authority" of the bankruptcy court. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985).  As Judge McMahon has held under nearly identical circumstances:

> [I]t is for the Bankruptcy Court in the first instance to assess whether to extend the automatic stay to individual officers / directors. . . . Unless and until some determination is made by the only court in a position to make the call – the court overseeing the reorganization – we continue.

---

[1]  Unless otherwise noted, citations are omitted and emphasis is added.

2

Endorsed Letter, *Guevoura Fund Ltd. v. Sillerman*, No. 15-cv-07192-CM (S.D.N.Y. Feb. 8, 2016), ECF No. 93 at 1.[2]

Such relief can be sought only through an adversary proceeding commenced in the Bankruptcy Court by Athenex in connection with its bankruptcy case, *see* Fed. R. Bankr. P. 7001(7) (requiring any proceeding seeking injunctive relief in bankruptcy to be commenced as an adversary proceeding). Neither Athenex nor the Non-Debtor Defendants (who would likely have no standing to do so anyway) have instituted such a proceeding.

Even if Athenex eventually did move in the Bankruptcy Court to extend the automatic stay, the law of this Circuit is equally clear that the automatic stay cannot be extended absent an evidentiary showing that "a claim against [a] non-debtor will have an immediate adverse economic consequence for the debtor's estate." *In re FPSDA I, LLC*, No. 10-75439, 2012 WL 6681794, at *7-8 (Bankr. E.D.N.Y. Dec. 21, 2012), *appeal dismissed sub nom. FPSDA I, LLC v. Larin*, 2014 WL 108419 (E.D.N.Y. Jan. 8, 2014) (quoting *Queenie, Ltd. V. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003)). The proponent of the extension "must put forth real evidence demonstrating an actual impact upon, or threat to the [debtor's] reorganization efforts if the stay is not extended." *Id.*; *see also Gray v. Hirsch*, 230 B.R. 239, 244 (S.D.N.Y. 1999) ("In the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant.") (quoting *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 34 (S.D.N.Y. 1990)); *Fareportal Inc. v. Travana, Inc.*, No. 16-CV-09882, 2017 WL 11512550, at *2 (S.D.N.Y. Sept. 25, 2017) (holding that "[l]imited or theoretical risk" to debtor's estate is "insufficient" to justify stay) (internal citations omitted).

---

[2]   A copy of Judge McMahon's endorsed letter in *Guevoura* is attached hereto as Exhibit A.

Thus, the automatic stay in favor of Athenex does not apply to the Non-Debtor Defendants simply because Athenex has filed for bankruptcy protection. In the event Athenex commences an adversary proceeding in the Bankruptcy Court and seeks an order extending the automatic stay to the Non-Debtor Defendants, the burden will be on Athenex to demonstrate to the Bankruptcy Court, through a full evidentiary hearing, that such relief is justified. Unless and until that happens, the Non-Debtor Defendants are not entitled to the protection of the automatic stay.

## CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully submits that the stay imposed by the Court's May 30 text order should be lifted to permit this action to proceed against the Non-Debtor Defendants.

DATED: June 23, 2023          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                          */s/ Deborah Clark-Weintraub*
Deborah Clark-Weintraub
Jeffrey P. Jacobson
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
dweintraub@scott-scott.com
jjacobson@scott-scott.com

*Lead Counsel for Plaintiff*

**LABATON SUCHAROW LLP**

    */s/ Michael P. Canty*
Michael P. Canty
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com

*Additional Counsel*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 23, 2023, on all counsel or parties of record. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                */s/ Deborah Clark-Weintraub*
                                                Deborah Clark-Weintraub