# EXHIBIT A

# BROWER PIVEN

A PROFESSIONAL CORPORATION
475 PARK AVENUE SOUTH, 33RD FLOOR
NEW YORK, NEW YORK 10016

DANIEL KUZNICKI
kuznicki@browerpiven.com

Telephone (212) 501-9000
Facsimile (212) 501-0300

February 8, 2016

**BY ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Guevoura Fund Ltd. v. Sillerman, et al.*, No. 1:15-cv-07192-CM

Dear Judge McMahon:

**MEMO ENDORSED**

We represent Lead Plaintiff in the above-entitled action (the "Action"). We write in response to Your Honor's Memo Endorsement, Dkt. No. 90, directing counsel for Lead Plaintiff to address the impact of the bankruptcy on this Action, and in opposition to the letter motion submitted by defendants D. Geoffrey Armstrong, Michael John Meyer, John Miller and Robert F.X. Sillerman (the "Individual Defendants"), dated February 2, 2016, Dkt. No. 89, requesting that the Action be stayed as to them (the "Motion").

On February 1, 2016, defendant SFX Entertainment, Inc. (the "Company" or "SFX") filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware, No. 16-10238-MFW, and filed a Suggestion of Bankruptcy in this Action, Dkt. No. 88. Pursuant to the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 362(a), this Action is stayed as to SFX. The Individual Defendants, who are not debtors, now seek to have the Action stayed as to them pending the resolution of SFX's bankruptcy. As demonstrated below, there is no basis for such relief. Defendants make two unsupported and meritless arguments in support of their Motion.

As the movants, the Individual Defendants bear the burden of demonstrating their entitlement to a stay. *See Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 Civ. 4650 (JFK), 2014 U.S. Dist. LEXIS 136152, at *5 (S.D.N.Y. Sept. 25, 2014) (citing *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997). The Individual Defendants argue judicial economy and undue prejudice in support of their Motion, but ignore the applicable controlling standard in this Circuit to extend a bankruptcy stay to non-debtors, fail to meet any of the requirements for a general stay of proceedings, offer no facts to show that judicial economy would be served by a stay, and fail to demonstrate any cognizable burden or prejudice to them from this Action proceeding against them. Indeed, as demonstrated below, the law and facts applicable to Individual Defendants' Motion make it clear that the Motion should be denied.

USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/16

---

*Handwritten memo endorsement by the Judge:*

2/9/2016

My position is simple: it is for the Bankruptcy Court to assess in the first instance whether to extend the automatic stay for the Individual Officer/Director of the Bankrupt to Individual Officers of the Bankrupt. If the Bankruptcy Court believes that a stay is necessary to aid in the reorganization effort, I will respect that decision and stay, unless and until some determination is made by the Court to the contrary. The only action of the Court will be to continue oversight — we need to make the call — the reorganization continue. CM

**BROWER PIVEN** A PROFESSIONAL CORPORATION

Hon. Colleen McMahon
February 8, 2016
Page 2

The Individual Defendants claim that the need for a stay is occasioned by the automatic stay afforded SFX, the debtor, but they fail to offer any cognizable facts necessary to meet (nor do they even cite) the applicable legal standard for extending such a stay to non-debtor defendants. This is not surprising since the Individual Defendants need to demonstrate the existence of "unusual circumstances" inextricably linking the interests of the debtor to non-debtor defendants. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-288 (2d Cir. 2003). Clearly unable to meet that high standard, the Individual Defendants instead recite the general standard for obtaining a stay based on "the interests of judicial economy and avoiding undue burden." Again, however, the Individual Defendants do not come close to meeting that standard.

As this Court has noted, "[i]t is well settled that generally, a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *See Cocoletzi v. Fat Sal's Pizza Corp.*, No. 15 Civ. 02696 (CM), 2015 U.S. Dist. LEXIS 104036, at *7-*8 (S.D.N.Y. Aug. 5, 2015) (citing *Queenie*, 321 F.3d at 287-288, quoting 3 *Collier on Bankruptcy* § 362.03 [3][d] (15th ed. 2002)). Rather, under the law of this Circuit, a limited exception exists to extend the bankruptcy stay to non-debtors where "unusual circumstances" bind the interests of the debtor and non-debtor so that "a judgment against the [non-debtor] defendant will in effect be a judgment or finding against the debtor." *Le Metier*, 2014 U.S. Dist. LEXIS 136152, at *5 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *Cocoletzi*, 2015 U.S. Dist. LEXIS 104036, at *7 (citing *Queenie*, 321 F.3d at 287-88).

To extend the bankruptcy stay to non-debtors, the "unusual circumstances" must be consistent with the purpose of the automatic stay itself. *See Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999). As courts within the Second Circuit have recognized, the automatic stay under Section 362(a) is intended to "permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of all claims." *CAE Indus., Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). Therefore, courts in this Circuit have extended the automatic stay to non-debtor defendants "only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts" or otherwise inhibited resolution of the debtor's bankruptcy. *See Gray*, 230 B.R. at 243; *Cocoletzi*, 2015 U.S. Dist. LEXIS 104036, at *13-*14 (declining to extend stay to non-debtor defendants because an adjudication against them would have no practical effect on the bankruptcy estate). "It is the protection of the debtor, not the non-debtors (who receive the benefit only collaterally) that furnishes the rationale for extending the automatic stay to include those non-debtors." *Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contr. of N.Y., LLC*, 536 B.R. 48, 52 (E.D.N.Y. 2015).

Here, the Individual Defendants have not even attempted to demonstrate that any such requisite "unusual circumstances" exist here. Indeed, in federal securities class actions, where the defendant corporation files bankruptcy, the individual defendants routinely (typically, unsuccessfully) seek to have the stay in favor of the bankrupt corporation extended to them. Thus, far from the "unusual circumstances," the Court has before it a common scenario and courts in this Circuit and elsewhere have almost uniformly rejected such attempts to extend the bankruptcy stay to defendant corporate officers or directors in such cases. *See, e.g., Le Metier*,

**BROWER PIVEN** A PROFESSIONAL CORPORATION

Hon. Colleen McMahon
February 8, 2016
Page 3

2014 U.S. Dist. LEXIS 136152, at *6-*13; *Thomson Kernaghan & Co. v. Global Intellicom, Inc.*, No. 99 CIV. 3005 (DLC), No. 99 CIV. 3015 (DLC), 2000 U.S. Dist. LEXIS 6650, at *43-*49 (S.D.N.Y. May 17, 2000); *Gray*, 230 B.R. at 242-244; *In re Colonial BancGroup, Inc.*, No. 2:09cv104-MHT (WO), 2010 U.S. Dist. LEXIS 1169, at *9-*15 (M.D. Ala. Jan. 7, 2010); *In re Uni-Marts, LLC*, 404 B.R. 767, 780-782 (Bankr. D. Del. 2009); *In re Sunbeam Secs. Litig.*, 261 B.R. 534, 537 (S.D. Fla. 2001); *Robert W. Selgrad, IRA v. U.S. Lending Corp.*, No. 95-2053-CIV-SM, 1996 U.S. Dist. LEXIS 22927, at *10-*14, *53 (S.D. Fla. Mar. 17, 1996).

Tacitly acknowledging they cannot meet their burden of demonstrating "unusual circumstances," the Individual Defendants seek to invoke the Court's inherent power to manage its docket to justify their request. This fallback position is equally without merit and the Individual Defendants similarly fail to recite the applicable standard, or offer any cognizable facts warranting such extraordinary relief. As detailed in *Lasala*, 399 F. Supp. 2d at 427, the Individual Defendants "must make out a clear case of hardship or inequity in being required to go forward," which requires the consideration of the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

The Individual Defendants argue that there is a risk of duplicative proceedings, that the debtor is in possession of anticipated discovery materials, and that they are prejudiced by the absence of the "primary violator." None of these arguments, separately or combined, justify extending the stay to the Individual Defendants. Here, the first and fourth *Lasala* factors, *i.e.* the interests of Lead Plaintiff and the putative class in the expeditious resolution of their claims, clearly favor denial of the requested stay. If the Court grants the stay, Lead Plaintiff and the putative class will be severely prejudiced. It may be many years before their claims are resolved, evidence may be compromised, and the memories of witnesses will fade. *See id.* at 428, n.47 (citing *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1164 n.3 (Ct. Int'l Trade 2004) ("[U]nderpinning much of the case law [in this area] -- implicitly, if not explicitly -- is a concern for the rights of assertedly aggrieved plaintiffs to seek redress in the courts.")); *cf. Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971) (reversing district court injunction barring plaintiff from proceeding with several court actions, asserting that plaintiff's "right to proceed in court should not be denied except under the most extreme circumstances"); *McDonald v. Piedmont Aviation*, 625 F. Supp. 762, 767 (S.D.N.Y. 1986) (denying defendant's motion to stay, court "upholds plaintiff's right to chart the course of his own litigation and to prosecute his claims in the manner of his choice"). Likewise, *Lasala* factors three and five, *i.e.* the interests of the courts and the public, which undeniably favor expeditious resolution of legal proceedings on their merits, also support denial of the requested stay. Defendants have failed (understandably) to cite even a single precedent from within this Circuit where the automatic bankruptcy stay was extended to non-debtor defendants based on judicial economy or these purported burdens.

**BROWER PIVEN** A PROFESSIONAL CORPORATION

Hon. Colleen McMahon
February 8, 2016
Page 4

The second *Lasala* factor, the interests of defendants, also is absent here. "Absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Clearly, simply being a defendant in a securities class action is not a cognizable prejudice or burden. And, the Individual Defendants' claim that there will be multiple similar actions is factually incorrect. Whatever claims Lead Plaintiff and the class have against the Company will need to be resolved by them as creditors in the Bankruptcy Court and will have no affect on the Individual Defendants' rights. Conversely, the federal securities claims against the Individual Defendants cannot be resolved in the Bankruptcy Court, as the Individual Defendants are non-debtors, and those claims will therefore be decided before this Court. The fallacy of the Individual Defendants' argument is that the Company, foreseeably, will not ever be a defendant in this Action again but will ultimately be discharged from liability as part of the plan of reorganization in the Bankruptcy Court or the Company will be liquidated in a subsequent Chapter 7 proceeding. Therefore, it is not surprising that the cases they cite are all facially inapposite. *See Wordtech Sys. v. Integrated Network Solutions, Inc.*, No. 2:04-cv-01971-MCE-EFB, 2012 U.S. Dist. LEXIS 172789, at *5-*10 (E.D. Cal. Dec. 4, 2012) (stay was necessary to avoid the relitigation of nearly all the issues); *Int'l Consumer Prods. of N.J., Inc. v. Complete Convenience, LLC*, No. 07-325 (MLC), 2008 U.S. Dist. LEXIS 41532, at *3 (D.N.J. May 22, 2008) (the court found "unusual circumstances" because the claims against all the defendants were inextricably intertwined); *Peterson v. Avantair, Inc.*, No. 8:13-cv-1683-T-33EAJ, 2013 U.S. Dist. LEXIS 120169, at *3-*5 (M.D. Fla. Aug. 23, 2013) (no discreet claims against the non-debtor defendants); *J & J Sports Prods. v. Brar*, No. 2:09-cv-3394-GEB-EFB, 2012 U.S. Dist. LEXIS 143447, at *6 (E.D. Cal. Oct. 3, 2012) (non-debtor and debtor defendants were indistinguishable from one another). Accordingly, there is no judicial economy to be had by staying the Action against the Individual Defendants while awaiting the return of the Company as a party to this Action, but only unnecessary delay prejudicial to the Lead Plaintiff and the members of the proposed class.

Similarly, the Individual Defendants feigned concerns about an absent necessary party (*i.e.*, the Company) are baseless. For the most part, the Individual Defendants' liability is not dependent upon allegations that the Company committed a federal securities law violation. On the contrary, the liability of the Company is overwhelmingly predicated on the misconduct of the Individual Defendants who are alleged to have personally made the actionable false and misleading public statements and committed the actionable manipulative conduct, rendering them "primary violators" in this Action. *See* Consolidated Amended Complaint, Dkt. No. 61, *passim*. As the Court in *Queenie* explained:

> We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted

**BROWER PIVEN** A PROFESSIONAL CORPORATION

Hon. Colleen McMahon
February 8, 2016
Page 5

>  interference with creditors' enforcement of their rights against non-debtor co-defendants.

321 F.3d at 288.

Further, even if SFX were the sole "primary violator," the Individual Defendants are still entitled, with or without the Company present as a party, to demonstrate the absence of the corporation's liability, as well as their own lack of culpability, with respect to Section 20(a) of the Securities Exchange Act of 1934. *See Pa. Ave. Funds v. Inyx Inc.*, 08 Civ. 6857 (PKC), 2011 U.S. Dist. LEXIS 54936 (S.D.N.Y. May 4, 2011) (holding that a default judgment against the primary violator cannot serve as a predicate for a Section 20(a) claim, which claim may be established by demonstrating the primary violation of the absent defaulted party) (relying on *In re Adler, Coleman Clearing Corp.*, 205 Fed. Appx. 856, 857 (2d Cir. 2006)). For the foregoing reasons, the situation in this federal securities fraud class action is a far cry from the situations in the two cases the Individual Defendants cite that were very different types of cases, and were not in the context of a bankruptcy. *See Lasala*, 399 F. Supp. 2d at 426 (plaintiff/assignee commenced an action "in order to avoid expiration of the statute of limitations" and requested a stay pending the resolution of a related settlement); *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (the court determined that plaintiffs showed little inclination for a speedy resolution of their claims and denial of the stay would unfairly burden the defendants because there was a pending related competing action that had priority and would be dispositive of certain key issues).

The Individual Defendants' claim that the majority of the needed discovery materials are in the possession of the Company is both untrue and irrelevant. First, this Action will involve much discovery of the Individual Defendants themselves relating to the purported offers to acquire SFX and the Individual Defendants' assessments and knowledge regarding the *bona fides* of those offers. The documents and testimony relevant to those issues will most likely be in the possession of the Individual Defendants themselves or their outside advisors (assuming they, in fact, had any such advisors). Second, it will be Lead Plaintiffs' burden to obtain the necessary documents from the bankrupt or post-bankruptcy SFX. Moreover, to the extent, the Individual Defendants believe exculpatory materials are in the possession of the Company, they remain, as directors of SFX, debtors-in-possession, and continue to have access to those materials. Thus, it is unfathomable how issues relating to discovery of SFX could prejudice them in proceeding with this Action. Furthermore, there is currently a stay of any discovery in this Action due to the PSLRA's automatic stay provision. *See* 15 U.S.C. § 78u-(4)(b)(3)(B). Thus, the Individual Defendants will have some time from now to worry about any discovery proceedings.

Accordingly, the Individual Defendants have failed to even attempt to meet their burden to obtain a stay of this Action as to them under any theory, and their Motion should be denied.

**BROWER PIVEN** A PROFESSIONAL CORPORATION

Hon. Colleen McMahon
February 8, 2016
Page 6

                                              Respectfully submitted,

                                              /s/ Daniel Kuznicki
                                              Daniel Kuznicki

cc:     All counsel of record via ECF