# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Douglas W. Greene
direct dial: 212.847.7090
dgreene@bakerlaw.com

October 24, 2024

**VIA ECF**

The Honorable Lawrence J. Vilardo
U.S. District Court, Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re:   ***In re Athenex, Inc. Sec. Litig.*, Case No. 21-cv-00337 (LJV-HKS) Individual Defendants' Response to Lead Plaintiff's Request to Lift the Stay Against Athenex**

Dear Judge Vilardo:

We are listed as counsel of record for all Defendants in this action, but we now represent only the Individual Defendants—Johnson Y.N. Lau; Jeffrey Yordon; Rudolf Kwan; and Timothy Cook. The corporate defendant, Athenex, Inc. ("Athenex" or the "Company"), which we previously represented along with the Individual Defendants, was dissolved in fall 2023 through a Chapter 11 bankruptcy proceeding, and the estate is represented by different counsel.

We write now, on behalf of the Individual Defendants, to respond to Lead Plaintiff's recent letter, dated October 23, 2024, which requested that the Court lift the stay in this action and allow adjudication of the claims against Athenex (the only remaining claims in this case). ECF No. 81. The Individual Defendants agree that lifting the stay against Athenex and adjudicating the remaining claims is appropriate and in the interests of justice, and respectfully contend that the Court's dismissal of all claims against the Individual Defendants earlier this year (ECF No. 80) compels dismissal of all claims against the corporate defendant as well. Accordingly, Defendants ask that the Court lift the stay, grant the remaining portions of the Defendants' Motion to Dismiss (ECF No. 61), on which the Court previously reserved decision in light of the stay (*see* ECF No. 80), and dismiss all claims against Athenex with prejudice.

## I.   Procedural History

As the Court may recall, this action was originally filed in March 2021; following consolidation with a related case, the Lead Plaintiff was appointed in August 2021, and the operative Amended Complaint (ECF No. 56; "AC") was filed in November 2021. On January 25, 2022, we filed a motion to dismiss the AC on behalf of all Defendants, arguing that, under the heightened pleading standards applicable to these securities claims, the AC failed to allege either a materially false or misleading statement or a strong inference of scienter as to any Defendant, and that the AC therefore should be dismissed in its entirety with prejudice. ECF No. 62 ("MTD").

Approximately a year later, while the MTD was still pending, Athenex entered voluntary Chapter 11 proceedings in the Southern District of Texas and filed a Suggestion of Bankruptcy in

this proceeding (ECF No. 69), causing Your Honor to stay this action in its entirety (ECF No. 70). At Lead Plaintiff's request, and in light of the Individual Defendants' non-opposition, Your Honor partially lifted that stay on September 6, 2023 to allow the action to proceed as against the Individual Defendants only, and referred the case back to Magistrate Judge Schroeder for further proceedings (ECF No. 73).

On September 29, 2023, Magistrate Judge Schroeder issued a Report and Recommendation (ECF No. 74; "R&R") detailing the many deficiencies in the AC's pleadings, finding that it failed to plead a false or misleading statement or a strong inference of scienter as to any of the Individual Defendants, and recommending that all claims against the Individual Defendants be dismissed with prejudice. Lead Plaintiff filed Objections to the R&R (ECF No. 75); the Individual Defendants filed a Response to those Objections (ECF No. 77); and Lead Plaintiff filed its Reply (ECF No. 78).

On May 28, 2024, Your Honor issued a lengthy Opinion accepting and adopting the R&R (ECF No. 80; "Opinion") and dismissing all claims against the Individual Defendants with prejudice. Of note, the Opinion held that none of Lead Plaintiff's factual allegations, separately or together, were sufficient to raise a strong inference of scienter as to any Individual Defendant. In particular, it found that neither the secondary public offering during the class period nor any of the other factual allegations were sufficient to raise an inference of scienter through motive and opportunity. *See In re Athenex, Inc. Sec. Litig.*, No. 21-cv-337-LJV-HKS, 2024 WL 2725609, at *7-8 (W.D.N.Y. May 28, 2024). The Opinion then carefully analyzed each of the three confidential witnesses and concluded that their allegations were too far removed from the Individual Defendants to shed light on what any Individual Defendant knew or intended at any time. *Id.* at *8-12. As a result, Lead Plaintiff "fail[ed] to establish circumstantial evidence of conscious misbehavior or recklessness by any individual defendant" and failed to plead a strong inference of scienter. *Id.* at *12. Accordingly, "for the reasons stated [in the Opinion] and in the R&R," the Court granted the MTD as to the Individual Defendants with prejudice; and, in light of the continued stay of the case against Athenex, "reserve[d] decision on the portions of the defendants' motion to dismiss the claims against Athenex until the stay is lifted." *Id.* at *13.

## II. The Opinion Compels Dismissal of All Claims Against Athenex As Well, Once the Stay is Lifted

If Your Honor grants Lead Plaintiff's request to lift the stay as to Athenex—and the Individual Defendants agree the Court should—then the holdings in the Opinion compel dismissal of all claims against Athenex as well.

"Where a defendant is a corporation, [the Reform Act] requires pleading facts that give rise to "a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." *Jackson v. Abernathy*, 960 F.3d 94, 98 (2d Cir. 2020) (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008)). Here, the Court has already held that the factual pleadings in the AC, including those from confidential witnesses, are insufficient to establish a strong inference of scienter as to any of the Individual Defendants, and there is no other basis on which to find corporate scienter. *See In re*

Hon. Lawrence Vilardo
October 24, 2024
Page 3

*Athenex*, 2024 WL 2725609, at *7-12; *Nandkumar v. AstraZeneca PLC*, No. 22-2704-CV, 2023 WL 3477164, at *4 (2d Cir. May 16, 2023) (affirming dismissal as to corporate defendant); *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2015 WL 4460859, at *5 (S.D.N.Y. July 21, 2015) ("Under the law of the case doctrine, 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.'" (quoting *United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002))). Moreover, the Opinion accepted and adopted the R&R's reasoning and recommendation, including its finding that the AC failed to plead any false or misleading statement. *See In re Athenex*, 2024 WL 2725609, at *1, *13; R&R, at 19-27. This separate pleading deficiency is fatal to all of Plaintiff's claims against all Defendants, including Athenex.

  Having failed to plead a false or misleading statement or a strong inference of scienter as to any Individual Defendant, the AC cannot state a Section 10(b) claim against the corporate defendant. Under well-established Second Circuit law and the law of this case, once the Court lifts the stay it should dismiss the remaining claims against Athenex with prejudice.

         \*  \*  \*

  It has been nearly four years since this action was filed—sadly, Athenex itself did not survive the aftermath of the FDA's denial of the NDA for oral paclitaxel, but the drug itself is still in development, having been acquired by a third party in the bankruptcy, and the Individual Defendants are working hard to move forward with new pursuits. Lifting the stay and dismissing the remaining claims against the corporate defendant will finally allow all parties in this action to get closure with respect to these long-running claims. We respectfully ask that the Court do so.

                 Respectfully submitted,

                 */s/ Douglas W. Greene*
                 Douglas W. Greene