UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE ATHENEX, INC. SECURITIES                    21-CV-337-LJV-HKS
LITIGATION                                         DECISION & ORDER

---

On March 3, 2021, Naveen Gupta commenced this putative class action under

sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. §§ 78j(b) and 78t(a).  Docket Item 1.  On April 28, 2021, this Court referred the

case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings

under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 14.  Several months later, this

case was consolidated with *Koza v. Athenex, Inc.*, Case No. 21-cv-413 (W.D.N.Y. Mar.

22, 2021), and another member of the class of shareholders, John McKenzie, was

appointed as lead plaintiff.  Docket Item 46.

On January 25, 2022, the defendants moved to dismiss.  Docket Item 61.  While

that motion was pending, however, the individual defendants—Johnson Lau, Jeffrey

Yordon, Rudolf Kwan, and Timothy Cook—filed a suggestion of bankruptcy as to the

corporate defendant, Athenex, Inc. ("Athenex").  Docket Item 69.  After this Court stayed

the matter, Docket Item 70, McKenzie moved to partially lift the stay so that the case

could continue against the individual defendants, Docket Item 71.  The individual

defendants did not oppose the motion to partially lift the stay, Docket Item 72, so on

September 6, 2023, this Court lifted the stay as to the individual defendants and

referred the case back to Judge Schroeder, Docket Item 73.

On September 29, 2023, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the individual defendants' motion to dismiss should be granted and that the claims against Lau, Yordon, Kwan, and Cook should be dismissed.  Docket Item 74.  On May 28, 2024, this Court issued a Decision and Order ("D&O") agreeing with Judge Schroeder's conclusions in the R&R and dismissing McKenzie's claims against Lau, Yordon, Kwan, and Cook with prejudice.  Docket Item 80.

On October 23, 2024, McKenzie requested that this Court lift the stay as to Athenex.  Docket Item 81.  According to McKenzie, the parties to Athenex's bankruptcy proceeding had stipulated and agreed that "McKenzie, for himself and as lead plaintiff on behalf of the proposed class . . . , has the right to recover against Athenex . . . limited to and solely to the extent of available insurance."  *See* Docket Item 81-1 at 5.[1]

On October 24, 2024, the individual defendants responded to McKenzie's request.  Docket Item 82.  They "agree[d] that lifting the stay against Athenex and adjudicating the remaining claims is appropriate and in the interests of justice" and further suggested that the prior D&O "compel[s the] dismissal of all claims against Athenex as well."  *See id.* at 1-2.  McKenzie did not reply.  This Court agrees with the individual defendants, lifts the stay, and dismisses McKenzie's claims against Athenex.[2]

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] In the prior D&O, this Court referred the case back to Judge Schroeder.  *See* Docket Item 80 at 27.  But given the nature of the parties' most recent filings, *see* Docket Items 81 and 82, and in the interest of judicial efficiency, this Court now rescinds its earlier referral to Judge Schroeder and addresses the defendants' motion to dismiss McKenzie's claims against Athenex in the first instance, *see* Docket Item 61.

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Securities fraud claims are subject to heightened pleading requirements that the plaintiff must meet to survive a motion to dismiss."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  First, the complaint must satisfy the requirements of Federal Rule of Civil Procedure 9(b).  *See ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).  That rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

Second, the complaint must comply with the requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b).  *See ECA*, 553 F.3d at 196.  More specifically, "where a plaintiff's claims depend upon allegations that the defendant has made an untrue statement of material fact or that the defendant omitted a material fact necessary to make a statement not misleading, the plaintiff shall specify each statement alleged to have been misleading [and] the reason or reasons why the

statement is misleading."  *Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372,

394 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).

## DISCUSSION[3]

McKenzie brings claims against Athenex under Exchange Act section 10(b) as

implemented by 17 C.F.R. § 240.10b-5 ("Rule 10b-5").  *See* Docket Item 56 at ¶¶ 172-

81.

Section 10(b) of the Exchange Act makes it unlawful to "use or employ, in

connection with the purchase or sale of any security . . . any manipulative or deceptive

device or contrivance in contravention of such rules and regulations as the [Securities

and Exchange] Commission may prescribe."  15 U.S.C. § 78j(b).  The implementing

regulation, Rule 10b-5, makes it unlawful "[t]o make any untrue statement of a material

fact or to omit to state a material fact necessary . . . to make the statements made, in

light of the circumstances under which they were made, not misleading."  17 C.F.R.

§ 240.10b-5.  "To state a claim under [s]ection 10(b) and Rule 10b-5, a plaintiff must

plead: (1) a misstatement or omission of material fact; (2) scienter; (3) a connection with

the purchase or sale of securities; (4) reliance; (5) economic loss; and (6) loss

causation."  *Ark. Pub. Emps. Ret. Sys. v. Bristol-Meyers Squibb Co.*, 28 F.4th 343, 351-

52 (2d Cir. 2022).

Regarding scienter, "a complaint must 'state with particularity facts giving rise to

a strong inference that the defendant acted with' the intent to deceive, manipulate, or

---

[3] This Court presumes the parties' familiarity with the facts of this case as set forth in the prior R&R and D&O.  *See, e.g.*, *Reidy Contracting Grp., LLC v. Mt. Hawley Ins. Co.*, 727 F. Supp. 3d 399, 402 (W.D.N.Y. 2024).

defraud." *Jackson v. Abernathy*, 960 F.3d 94, 98 (2d Cir. 2020) (quoting 15 U.S.C.

§ 78u-4(b)(2)(A)); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313

(2007). "Under this heightened pleading standard, a complaint will survive only if a

reasonable person would deem the inference of scienter cogent and at least as

compelling as any opposing inference one could draw from the facts alleged." *Id.*

(alterations, internal quotation marks, and citation omitted). And "[w]here a defendant is

a corporation, this requires pleading facts that give rise to a strong inference that

someone whose intent could be imputed to the corporation acted with the requisite

scienter." *Id.* (internal quotation marks and citation omitted).

In its prior D&O, this Court concluded that McKenzie had failed to allege facts

creating an inference of scienter as to any individual defendant. *See In re Athenex, Inc.

Sec. Litig.*, 2024 WL 2725609, at *7-12 (W.D.N.Y. May 28, 2024). That determination

applies equally here. *See United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011).

For that reason, there is no inference of scienter that may be imputed to Athenex from

the individual defendants. *See, e.g.*, *Nandkumar v. AstraZeneca PLC*, 2023 WL

3477164, at *4 (2d Cir. May 16, 2023) (summary order).

But there may be others from whom corporate scienter might be imputed. "The

scienter of other officers or directors who were involved in the dissemination of the fraud

may be imputed to the corporation, even if they themselves were not the actual

speaker." *Jackson*, 960 F.3d at 98; *see Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo

Sec., LLC*, 797 F.3d 160, 177 (2d Cir. 2015). What is more, "a shareholder need not

always identify the individuals responsible for the fraudulent statement." *Jackson*, 960

F.3d at 98-99. "In exceedingly rare circumstances, a statement may be so 'dramatic'

that collective corporate scienter may be inferred" from it.  *Id.* at 99; *see Teamsters Loc.*
*445 Freight Div. Pension Fund v. Dynex Cap. Inc.*, 531 F.3d 190, 195-96 (2d Cir. 2008)
(explaining that if "General Motors announced that it had sold one million SUVs in 2006,
and the actual number was zero[,] [t]here would be a strong inference of corporate
scienter since so dramatic an announcement would have been approved by corporate
officials sufficiently knowledgeable about the company to know that the announcement
was false." (citation omitted)).

McKenzie does not allege that there are any other officers or directors whose
scienter may be imputed to Athenex, but he does allege that the company made several
false or misleading statements in press releases[4] issued between August 7, 2019, and
December 9, 2020.  *See* Docket Item 56 at ¶¶ 92, 106, 114-16, 118, 126-27, 137, 143-
44, 147, 154.   Those statements discuss: (1) the quantifiable results of Oraxol's Phase
3 clinical trial, *id.* at ¶¶ 92, 116, 144, 154; (2) the expected timetable for Oraxol's new
drug application, *id.* at ¶¶ 106, 118, 126, 137; or (3) the actual progress of Oraxol's new
drug application, *id.* at ¶¶ 127, 143, 147.

Neither McKenzie nor his three confidential witnesses allege that those
statements were demonstrably false; rather, McKenzie's theory of liability is based on a
"fail[ure] to disclose" several "significant risks" to FDA approval of Oraxol.  *See, e.g.*, *id.*
at ¶ 101.  But there was no obligation to disclose any significant risks to FDA approval
"simply because [those risks] may [have] be[en] relevant or of interest to a reasonable

---

[4] Athenex submitted almost all of those press releases to the SEC as Form 8-K
attachments.  *See* Dkt. 56 at ¶¶ 92, 106, 114, 118, 127, 137, 147.  "A Form 8-K is a
filing with the SEC announcing material corporate events that should be known by the
shareholders."  *In re Lottery.com, Inc. Sec. Litig.*, 715 F. Supp. 3d 506, 523 n.2
(S.D.N.Y. 2024) (internal quotation marks and citation omitted).

investor." *See Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002). And in any event, "the inference of scienter does not follow from the fact of non-disclosure." *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 534 (S.D.N.Y. 2015).

McKenzie therefore has failed to plead corporate scienter, and for that reason, his section 10(b) and Rule 10b-5 claims against Athenex are dismissed.[5]

## **CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss, Docket Item 61, is GRANTED. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:  March 5, 2025
        Buffalo, New York


                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE

---

[5] This Court denies McKenzie's request for leave to amend, *see* Docket Item 66 at 32, for the same reasons articulated in the prior D&O, *see In re Athenex, Inc.*, 2024 WL 2725609, at *12.